UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHAPPA, | No. 2:20-cv-0413 KJN P |
| Plaintiff, | |
| v. | ORDER |
| VANGERWIN, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's inmate trust

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Initially, the undersigned observes that it is unclear whether plaintiff is a pretrial detainee or whether he has been convicted. In an abundance of caution, the undersigned presumes that plaintiff is a pretrial detainee for initial screening purposes. As set forth below, plaintiff's complaint is dismissed, and plaintiff is granted leave to file an amended complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

In his first claim, plaintiff alleges that on July 19, 2019, Shasta County Jail Deputies Vangerwin and McQuillan used unnecessary excessive force in violation of the Eighth Amendment, after which plaintiff was written up.

In his second claim, plaintiff raises a due process claim. At the subsequent disciplinary proceeding, plaintiff was not permitted to bring witnesses or to file an appeal. Plaintiff contends that in all Shasta County Jail disciplinary proceedings, all inmates are found guilty, and are not given a copy or a chance to appeal. (ECF No. 1 at 4.) Plaintiff was housed in solitary confinement for about thirty days.

In his third claim, plaintiff contends that defendant Shasta County Jail fails to provide basic necessities in violation of the Eighth Amendment. Specifically, plaintiff alleges that the Shasta County Jail provides no hot water in the cells, but then claims inmates have access to hot water four hours a day. (ECF No. 1 at 5.) Plaintiff also contends the toilet and the sink pipes are connected, and when you flush, feces water comes out of the sink. Plaintiff asks that defendant be required to provide a sanitary resolution for the sink and toilets of all inmates.

Discussion

First Cause of Action is Duplicative

In reviewing plaintiff's first cause of action, the court's own records reveal that on February 20, 2020, plaintiff filed a complaint containing virtually identical allegations concerning

3

the use of excessive force by defendants Vangerwin and McQuillan at the Shasta County Jail on July 19, 2019. Chappa v. Shasta County Sheriff, Case No. 2:20-cv-0379 AC P (E.D. Cal.).[1] Due to the duplicative nature of his first claim, the court will enter separate findings and recommendations that plaintiff's first cause of action be dismissed as duplicative of his prior action.

### Improper Joinder and Failure to State a Claim

As discussed below, plaintiff's second and third causes of action are not related and also fail to state cognizable civil rights claims as currently pled. Accordingly, plaintiff's second and third causes of action are dismissed with leave to amend.

### Misjoinder

The court has reviewed the complaint pursuant to § 1915A and finds it must be dismissed with leave to amend because the three separate claims asserted in the complaint are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

Where parties have been misjoined, the court may drop a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)). Here, because such unrelated claims are based on relatively recent incidents, sometime after July 19, 2019, plaintiff will not be prejudiced by their dismissal without prejudice. Plaintiff must decide which related claims he wishes to pursue in this action and which claim he will pursue in a separate action. Plaintiff may pursue any unrelated claims in separate, timely-filed actions. See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").

Plaintiff's Second Cause of Action

In his second cause of action, plaintiff may be able to allege facts demonstrating his due process rights were violated, because he claims he was denied the right to bring witnesses.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." Id. at 536-37. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to "punishment." See id. at 539.

Assuming for present purposes that a pretrial detainee has the same rights as a convicted prisoner being put in administrative segregation, when jail officials initially determine whether an inmate is to be segregated for administrative reasons, due process requires that they: hold an informal nonadversary hearing within a reasonable time after the inmate is segregated; inform the inmate of the charges against him or the reasons segregation is being considered; and allow the inmate to present his views. See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986). Periodic review of the inmate's confinement in segregated housing is required. See Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983). Disciplinary segregation requires more process. Disciplinary segregation as punishment for violation of jail rules and regulations cannot be

5

imposed without complying with the procedural requirements of <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). See <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 523-26 (9th Cir. 1996). The procedural protections required in a disciplinary proceeding include written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. See <u>Wolff</u>, 418 U.S. at 564-67. There also must be some evidence to support the disciplinary decision, <u>see</u> <u>Superintendent v. Hill</u>, 472 U.S. at 454, and the information that forms the basis for prison disciplinary actions must have some indicia of reliability. See <u>Cato v. Rushen</u>, 824 F.2d 703, 704-05 (9th Cir. 1987).

Here, plaintiff fails to identify the hearing officer. Plaintiff includes no charging allegations identifying the individual responsible for the alleged due process violation, and his allegations do not demonstrate any link or connection between the disciplinary hearing and defendants Vangerwin and McQuillan. Further, plaintiff's claim may be barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The Supreme Court has extended the <u>Heck</u> bar to § 1983 suits that would negate prison or jail disciplinary proceedings that affect good-time credits. <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997). A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. <u>Id.</u> at 646. So, an inmate's "§ 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings ) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005).

For all of these reasons, plaintiff's second cause of action must be dismissed.

<u>Plaintiff's Third Cause of Action</u>

Similarly, plaintiff's allegations concerning the conditions of his cell are too vague and conclusory to determine whether plaintiff can state a cognizable claim.

"Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996)

(quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. Id.; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. Bell, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent -- something akin to reckless disregard." Id.

Here, plaintiff's vague and conclusory allegations do not support a conclusion that a particular individual made an intentional decision that put plaintiff at substantial risk of suffering serious harm. Moreover, plaintiff may only raise his own claims, not those of other inmates. In an abundance of caution, plaintiff is granted leave to amend.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Federal Rules of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must

allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint in which he raises only those claims arising from the same incident and involving the same defendants.

If plaintiff chooses to amend, plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim against the same defendant based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). As discussed above, unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George, 507 F.3d at 607; see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of the Shasta County Jail filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

////

////

////

5.  The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  March 30, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/chap0413.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CHAPPA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VANGERWIN, et al.,<br><br>　　　　　Defendants. | No.  2:20-cv-0413 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　　　　　　_____　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff